Copy mailed to Plaintiff on 5-4-21 DH

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAFAEL MARTINEZ,                                               :
                    Plaintiff,                                 :
v.                                                             :         MEMORANDUM OPINION
                                                               :         AND ORDER
JAMIE LAMANNA, Superintendent of Green                         :
Haven Correctional Facility and ROBERT                         :         19 CV 3348 (VB)
BENTIVEGNA, Medical Director of Green                          :
Haven Correctional Facility,                                   :
                    Defendants.                                :
--------------------------------------------------------------x
```

Briccetti, J.:

On April 28, 2020, the Court dismissed plaintiff Rafael Martinez's Section 1983 complaint, which alleged an Eighth Amendment claim for deliberate indifference to serious medical needs.

On March 18, 2021, by order remanding the case to this Court, the U.S. Court of Appeals for the Second Circuit directed the Court to treat plaintiff's notice of appeal as a motion to reopen the time to appeal under Rule 4(a)(6) of the Federal Rules of Appellate Procedure.[1]

For the following reasons, the motion is GRANTED.

## BACKGROUND

By Opinion and Order dated April 28, 2020, the Court granted defendants' motion to dismiss plaintiff's complaint. (Doc. #30). The Clerk entered Judgment on April 29, 2020. (Doc. #31). Notice of the Judgment was electronically transmitted to plaintiff's attorney, Jodi L. Morales, Esq., at the email address jodi@jlmoraleslaw.com, which Morales registered with the Clerk's office for the purpose of receiving notifications on this district's Case Management/Electronic Case Filing system.

---

[1] The Circuit's Mandate was issued on April 22, 2021. (Doc. #43).

1

On August 3, 2020, the Court received notice that plaintiff filed a pro se notice of appeal, dated July 25, 2020. (Doc. #33).

On March 18, 2021, the Court of Appeals determined sua sponte that the notice of appeal was untimely filed. The Circuit remanded the case to this Court, directing it to (i) construe plaintiff's notice of appeal as a motion to reopen the time to appeal, and (ii) consider whether the motion should be granted. (Doc. #36). The Circuit also noted that in his notice of appeal, plaintiff alleged he did not receive notice of the Court's April 29, 2020, Judgment until July 24, 2020. (Id.).

By Order dated March 19, 2021, the Court instructed defendants to respond by April 5, 2021, to plaintiff's motion to reopen the time to appeal, and instructed counsel for plaintiff to file a reply to defendants' response by April 19, 2021. (Doc. #37). The Court also permitted plaintiff, under the circumstances, to file his own pro se reply to defendants' response by April 19, 2021. (Id.). Chambers mailed a copy of the March 19 Order to plaintiff at Green Haven Correctional Facility.

On April 5, 2021, defendants responded to the Court's March 19 Order, opposing plaintiff's motion to reopen his time to appeal under Fed. R. App. P. 4(a)(5)(A)(ii). (Doc. #38). In addition, defense counsel stated that, on March 21, 2021, he left a voicemail for and sent an email to Ms. Morales requesting that she contact him regarding plaintiff's purported delay in receiving notice of the April 29, 2020, Judgment. (Id.). As of April 5, 2021, Morales had not returned defense counsel's call or email. (Id.). Because defendants' letter did not comply with the Court's March 19 Order directing them to respond to plaintiff's motion to reopen the time to appeal under Rule 4(a)(6), not Rule 4(a)(5) which instead governs motions for extensions of time to file an appeal, the Court ordered defendants to submit a second letter applying the correct standard and addressing whether the Court should exercise its discretionary power to reopen the

time to file an appeal. (Doc. #40). By letter dated April 8, 2021, defendants responded that they "take no position" on the instant motion. (Doc. #41).

Also on April 5, 2021, the Clerk's Office docketed plaintiff's March 28, 2021, declaration, which states in pertinent part: (i) plaintiff has had no communication with Ms. Morales by mail, phone, or email since October 2019; (ii) plaintiff sent two pro se letters to the Court—dated December 20, 2019, and January 8, 2020—requesting case status updates (Docs. ##27, 28); (iii) plaintiff never received from either the Clerk's Office or his counsel a copy of the Court's April 29, 2020, Judgment; (iv) plaintiff did not become aware of the Judgment until July 24, 2020, when he was searching Westlaw in the prison law library; and (v) the same day plaintiff became aware of the Judgment, he filed his notice of appeal. (Doc. #39).

To date, Ms. Morales has failed to respond to the Court's March 19, 2021, Order, without excuse or explanation.

**DISCUSSION**

I.  Legal Standard

Rule 4(a)(6) permits the Court to reopen the time to file an appeal if:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Federal Rule of Civil Procedure 77(d) provides "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must

record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)."

In addition, Rule 4(a)(6) provides the district court with discretion to grant or deny a motion to reopen time to appeal, even if the requirements of Rule 4(a)(6) are met. In exercising this discretion, the court "place[s] particular emphasis on whether the moving party was at fault for his or her failure to file an appeal within the required time." Ramirez v. Comm'r of Soc. Sec., 2019 WL 6213176, *3 (S.D.N.Y. Nov. 21, 2019) (citing Avolio v. Cty. of Suffolk, 29 F.3d 50, 52 (2d Cir. 1994) ("[A] party [is] obligated to find out when the judgment [is] entered")).[2]

II. Analysis

Plaintiff argues that his motion to reopen the time to appeal should be granted because he did not receive notice of the April 29, 2020, Judgment.

The Court, finding plaintiff has satisfied the preconditions for relief enumerated in Rule 4(a)(6), in an exercise of its discretion, grants plaintiff's motion.

A. Plaintiff Has Satisfied the Preconditions of Rule 4(a)(6)

To satisfy the first prong of Rule 4(a)(6), the moving party must not have received notice under Rule 77(d) of the entry of the judgment within 21 days after its entry. Receipt of notice under Rule 4(a)(6) "refers to actual receipt, not simply effective service." In re WorldCom, 708 F.3d 327, 334–35 (2d Cir. 2013). Ordinarily, an attorney's receipt of notice is imputed to his or her client. See SEC v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998) ("Normally, the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or

---

[2]  Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

4

omissions of his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent."). However, "[u]nder agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." Maples v. Thomas, 565 U.S. 226, 283 (2012).

Here, Judgment was entered on the electronic docket and automatically transmitted to plaintiff's counsel on April 29, 2020, at the email address jodi@jlmoraleslaw.com. The Court has no reason to believe Ms. Morales did not receive email notice of the April 29 Judgment. Throughout this litigation, the Court entered multiple orders on the electronic docket, which were automatically emailed to plaintiff's counsel at jodi@jlmoraleslaw.com by the same process; Morales responded to these orders. (See Docs. ##21, 23). Moreover, the letters plaintiff's counsel filed with the Court include in their letterhead the same email address to which notice was automatically sent. (See Docs. ##21, 23, 25).

Nevertheless, the Court declines to impute Ms. Morales's notice of the April 29 Judgment to plaintiff because her actions demonstrate that she effectively abandoned her representation of plaintiff prior to when the Judgment was entered. Plaintiff asserts, under penalty of perjury, that Morales abandoned her representation of him and he has not heard from her since October 2019. He contends that he requested case status updates directly from the Court in December 2019 and January 2020 because Morales, without notifying the Court, "had stopped her representation in this matter." (Doc. #39 at ECF 2).[3] Plaintiff's assertions have not been refuted by Morales. Indeed, Morales has failed to respond both to defense counsel's

---

[3] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

attempts to solicit information regarding plaintiff's purported delay in receiving notice of the April 29 Judgment and this Court's March 19 Order. In short, Morales's actions in this case go beyond mere negligence, which would be imputed to plaintiff, and reach the level of abandonment. See Perez v. Stephens, 2014 WL 12649019, at *3 (W.D. Tex. Dec. 11, 2014) (declining to impute attorneys' negligence to plaintiff where attorneys "failed to withdraw as attorneys of record when they had effectively abandoned the case, depriv[ing] [plaintiff] of his right to personally receive notice without any warning to him"); cf. Resendiz v. Dretke, 452 F.3d 356, 359 (5th Cir. 2006) (rejecting appellant's abandonment argument because although appellant's counsel had failed to file a timely notice of appeal, he had taken other actions indicating he had not abandoned the case).

Thus, because the Court finds plaintiff was abandoned by Ms. Morales—prior to when the Court dismissed this case in April 2020—the Court concludes that the notice of Judgment sent to Morales cannot be imputed to plaintiff, and plaintiff did not receive notice under Rule 77(d) of the entry of Judgment within 21 days after entry.

Plaintiff has also satisfied the second prong of Rule 4(a)(6), which requires that a motion to reopen the time to appeal be "filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(ii). Plaintiff received notice on July 24, 2020, when searching on Westlaw. On July 25, 2020, eighty-seven days after entry of Judgment, plaintiff filed his notice of appeal, which this Court construes as a timely motion to reopen the time to appeal. Additionally, plaintiff's motion to reopen was filed within 180 days after the entry of Judgment.

Finally, as to the third prong of Rule 4(a)(6), no party would be prejudiced by the reopening of plaintiff's time to file a notice of appeal. In their April 8, 2021, letter, defendants

state that they "take no position" as to plaintiff's motion. The Court construes defendants' response as an implicit admission that they would not be prejudiced. Moreover, failing to reopen the time to appeal would prejudice plaintiff, who was not aware that his attorney had abandoned him or that Judgment had been entered in his case.

Accordingly, plaintiff has satisfied the preconditions of Rule 4(a)(6).

B.  The Circumstances of this Case Warrant Reopening the Time to Appeal

It is well-established that "satisfaction of the three conditions of Rule 4(a)(6) is not the end of the matter." In re Worldcom, 708 F.3d at 335. Although Rule 4(a)(6) permits the district court to reopen the time to file an appeal if the three conditions are met, it does not require it to do so. In considering whether granting a Rule 4(a)(6) motion is appropriate, the Second Circuit has instructed courts to consider the purpose of Rule 4(a)(6), which is "to ease strict sanctions on litigants who had failed to receive notice of the entry of judgment in order to file a timely notice of appeal, whether the fault lay with the clerk or other factors beyond the litigants' control, such as the Postal Service." Id. at 336.

In In re Worldcom, the court held that although the preconditions of Rule 4(a)(6) had been satisfied, the district court's decision to reopen appellant's time to file an appeal under Rule 4(a)(6) was an abuse of discretion because appellant's failure to receive Rule 77(d) notice was a result of its attorney's failure to update his email address on the docket. Specifically, the court concluded that appellant's "failure to receive Civil Rule 77(d) notice was entirely and indefensibly a problem of its counsel's making, and Rule 4(a)(6) was not designed to reward such negligence." In re Worldcom, 708 F.3d. at 340.

Here, however, plaintiff effectively was not represented by counsel at the time the Judgment was issued in April 2020. Ms. Morales's abandonment of her attorney-client

7

relationship with plaintiff as early as October 2019 prevents Morales's negligence from being imputed to plaintiff.

In addition, the circumstances of this case demonstrate that plaintiff's failure to receive timely notice of entry was beyond his control. Plaintiff, who was incarcerated at all relevant times, did not hear from his counsel for over a year. Moreover, Ms. Morales's abandonment of her client occurred before and during the COVID-19 pandemic. Under ordinary circumstances, incarcerated parties experience difficulties communicating with their attorneys, but those difficulties have been exacerbated by the current pandemic. In light of the specific circumstances of this case, plaintiff lacked reason to believe his attorney was no longer representing him and therefore was not at fault for failing to receive service.

Accordingly, in an exercise of its discretion, the Court finds that the circumstances of this case warrant reopening plaintiff's time to appeal.

## CONCLUSION

Plaintiff's motion to reopen the time to appeal is GRANTED, and his notice of appeal, filed on July 25, 2020, and docketed on August 3, 2020, is deemed timely filed.

Plaintiff need not file a new notice of appeal.

The Clerk is instructed to inform the Clerk of Court of the Second Circuit Court of Appeals of this Memorandum Opinion and Order.

Chambers will mail a copy of this Memorandum Opinion and Order to plaintiff at the following address:

Rafael Martinez
DIN 93-A-2733
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

Dated: May 3, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge